UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAZMINE V. WILSON | CASE NO. 3:18-CV-01049 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| NEW WENDYS, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending here is the Motion for Summary Judgment and, in the Alternative, Motion for Partial Summary Judgment [Doc. No. 17] filed by Defendants Northeast Wendy's Management, Inc.; Ne Wen, Inc., (also referred to as New Wendy's, Inc.); James R. Fuller, Jr.; Rebecca Fuller; and David Burkett (collectively "Defendants"). Plaintiff Jazmine V. Wilson ("Wilson") has filed an opposition [Doc. No. 20]. Defendants have filed a reply [Doc. No. 21].

For the following reasons, the Court GRANTS Defendants' motion for summary judgment.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Wilson, who is self-represented, brought this action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII"). In her original Complaint, Wilson named as Defendants: Rebecca Fuller; Northeast Wendy's Management; New Wendys, Inc.; and David Burkett [Doc. No. 1]. In her amended Complaint, Wilson named as Defendants: Ne Wen Inc., Rebecca Fuller, and James R. Fuller, Jr. [Doc. No. 6].[1]

---

[1] In support of their motion, Defendants attach a Summary of Undisputed Material Facts as required by LR 56.1. [Doc. No. 17-2]. Wilson has not filed a Statement of Material Facts at Issue, as required by LR 56.2. However,

Wilson was employed by Ne Wen, Inc., formerly Wendy's Management, Inc., between July 7, 2016, and September 23, 2016, as a shift manager. [Affidavit of Rebecca Fuller, former chief operating officer of Ne Wen, Inc., Doc. No. 17-3, p.1; Wilson's EEOC complaint, Doc. No. 1-2]. Ne Wen, Inc. at one time operated several fast food restaurants in Louisiana. In 2016 all assets of the restaurants were sold, and Ne Wen, Inc., is no longer doing business and has no assets [Doc. No. 17-3, p.1]. Although Wilson named New Wendy's Inc., as a Defendant, there is no corporation by that name. [Id., p. 2].

The Fuller Defendants were officers of Ne Wen, Inc. Defendant David Burkett was an attorney who represented Ne Wen, Inc., and served as its registered agent for service of process. [Id., p.1]

Wilson, a transgender woman, alleges that her employment was terminated because of her gender identity. Wilson attached to her Complaint approximately thirteen pages addressed to the Equal Employment Commission ("EEOC") in which she recounts several occasions when underlying employees did not respect her authority and numerous occasions where she disagreed with how the company was being run. In her EEOC charge, she alleges:

> My employment as Shift Manager began July 7, 2016. Between July 2016 and September 2016, I performed the duties of Shift Manager at four (4) different locations. My immediate supervisor was Rebecca Fuller. The District Manager was Angela Brunner. Tamika LNU was a Store Manager. During my employment I was disrespected and subjected to the use of foul language by the crew members I supervised. As Shift Manager, I initiated termination procedures for employees who violated company policy, but Ms. Brunner would void the termination and allow the employees to return to work. More specifically, Danielle Tabb and Jimmy Davis were terminated for failing to follow directions/company policy and Ms. Brunner returned them both to the schedule with no discussions.

---

since Wilson is self-represented, the Court has nevertheless considered the factual arguments asserted in her opposition [Doc. No. 20].

> My employment was terminated on September 23, 2016 by Ms. Brunner.

[Doc. No. 1-2, p. 18].

Wilson further stated in her EEOC charge:

> I was terminated for insubordination because of an altercation between myself and Store Manager, Tamkia; however, when I reported altercations and insubordination towards me by crew members, no action was taken, and they were returned to work.
>
> I believe I have been discriminated against because of my sex/gender identity in violation of Title VII.

[Id., p. 19].

Defendants contend that Wilson abandoned her job in 2016. When it became evident that Wilson had quit her employment, efforts were made to contact Wilson to try and get her to return to work, but Wilson did not return the phone calls. [Id., p. 3; Affidavit of J. Michael Rhymes, counsel to Defendant, Doc. No. 17-3, p. 6].

Wilson, on the other hand, contends that she was terminated and that Defendants did not attempt to rehire her. [Doc. No. 20-1, p. 2].

During Wilson's employment, Ne Wen, Inc. had in place a policy prohibiting illegal harassment including a method of making complaints. Wilson never employed the methods available to complain of discrimination because of race, color, sex, nor of transgender status. [Doc. No. 17-3, pp. 2, 5].

Defendants seek summary judgment dismissing Wilson's claims on the basis that Title VII does not cover transgender status, individual managers are not liable under Title VII, and Wilson has not alleged any actionable behavior on the part of her former employer. The matter is briefed, and the Court is prepared to rule.

3

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

B. Analysis

The Court will address Defendants' contentions that Title VII does not cover transgender status, individual managers are not liable under Title VII, and Wilson has not alleged any actionable behavior on the part of her former employer, in order.

1. **Title VII Does Not Cover Transgender Status**

Defendants argue that, although Title VII prohibits discrimination or harassment based on race, color, religion, and sex, the statute does not prohibit discrimination based upon transgender status.

The Court agrees under binding Fifth Circuit precedent. The Fifth Circuit in *Blum v. Gulf Oil Corp.*, 597 F.2d 936 (5th Cir. 1979), expressly held that Title VII does not prohibit discrimination on the basis of sexual orientation. In a 2019 case dealing with a job applicant who was a transgender woman, the Fifth Circuit recently stated, "*Blum* remains binding precedent in this circuit to this day." *Wittmer v. Phillips 66 Company*, 915 F.3d 328, 330 (5th Cir. 2019). Therefore, the Fifth Circuit has reaffirmed its prior holding that Title VII does not prohibit discrimination based on sexual orientation and did so in a case involving a transgender woman.

For this reason alone, Defendants are entitled to summary judgment dismissing Wilson's claim. However, even if *Blum* were overturned, Wilson's claim fails for the following additional reasons.

2. **Individual Employees Are Not Personally Liable Under Title VII**

Defendants James R. Fuller, Jr.; Rebecca Fuller; and David Burkett argue that they are not personally liable to Wilson because they were never employers of Wilson. James R. Fuller, Jr., and Rebecca Fuller assert they were employees or managers of the actual employer, Ne Wen,

5

Inc. Defendant David Burkett asserts he is an attorney who represented Ne Wen, Inc., and served as its registered agent for service of process. [Doc. No. 17-3].

Fifth Circuit precedent is clear that individual employees are not subject to personal liability under Title VII. *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) ("[T]here is no individual liability for employees under Title VII.") (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ); *Payne v. Univ. of S. Mississippi*, 681 F. App'x 384, 389 (5th Cir. 2017) (Upholding an award of attorneys' fees based on frivolous Title VII claims because "individuals are not liable under Title VII unless they are employers.").

Although, under certain circumstances, an immediate supervisor may be considered an "agent" and therefore an "employer" under Title VII, the supervisor faces liability solely in her official, not individual, capacity. *Harvey, supra; Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994). Thus, a Title VII suit against a supervisor, who is not an "employer" in her own right—is actually a suit against the employing corporation. *Indest v. Freeman Decorating, Inc.*, 164, F.3d 258, 262 (5th Cir. 1999).

Here, Wilson has alleged no facts that would impose personal liability on these individual Defendants. Therefore, Defendants James R. Fuller, Jr.; Rebecca Fuller; and David Burkett are also entitled to summary judgment dismissing Wilson's claims against them on this basis.

### 3. Sex Discrimination

Assuming arguendo that *Blum* were no longer binding precedent and that Title VII prohibits transgender discrimination, Wilson's claim nevertheless has no merit because she has failed to present sufficient evidence to support a *prima facie* case of discrimination.

Title VII prohibits employment discrimination against "any individual ... because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination,

the plaintiff must either present direct evidence of discrimination or, in the absence of direct evidence, rely on circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis. Under *McDonnell Douglas*, the plaintiff carries the burden to prove that (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she was the subject of an adverse employment action; and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); s*ee also Lee v. Kan. City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009)*.

If a plaintiff establishes a prima facie case, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse-employment action. *McDonnell Douglas*, 411 U.S. at 802. If the employer can show a legitimate, non-discriminatory reason for the adverse-employment action, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). To overcome a legitimate, nondiscriminatory reason for termination, the plaintiff must show something beyond disagreement with the employer's decision. *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("Disparate treatment of similarly situated employees is one way to demonstrate unlawful discrimination and retaliation.").

Wilson's claim fails at the first step. To begin with, Wilson has failed to establish a *prima facie* case of discrimination because she did not present evidence that any non-transgender employees were treated better, as required under the fourth prong of *McDonnell Douglas*. *See*

7

*Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408–09 (5th Cir. 2016) (upholding summary judgment for failing the fourth prong of the prima facie case).

Furthermore, Wilson has not presented evidence that she suffered an adverse employment action at all. Defendants have produced summary judgment evidence to show that Wilson abandoned her job, and that, after it became apparent that Wilson had quit, Defendants made numerous attempts to have her return to work [Doc. No. 17-3, pp 2, 3, and 6]. In response, Wilson has produced no proof that she was actually terminated, nor that she suffered adverse treatment because of her status, other than conclusory and speculative allegations.

Finally, given her *pro se* status, the Court has also considered whether Wilson may be asserting a hostile work environment claim. To the extent she attempts to do so, that claim fails also. In order to make out a *prima facie* case of hostile work environment, Wilson must demonstrate that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the alleged harassment and failed to take prompt remedial action. *Brooks v. Firestone Polymers, L.L.C.,* 640 F. App'x 393, 399 (5th Cir. 2016). Failure to prove any of these essential elements is fatal to her claim. *Anderson v. YRC, Inc.*, 742 F. App'x 27 (5th Cir. 2018) (Mem. Op.).

Wilson's complaints primarily surround her subordinates, not managers. Under *Faragher v. City of Boca Raton,* 524 U. S. 742 (1998) and *Burlington Industries v. Ellerth*, 524 U. S. 775, if an employer has an effective complaint mechanism and the employee refuses or fails to utilize such, the employer is not liable on the basis of *respondeat superior*. Wilson did not file any complaints about illegal harassment and when she complained about her job

situation, she was immediately granted an accommodation to let her be closer to home. Ne Wen, Inc., the real employer, had such a policy [Doc. No. 17-3, pp 2, 3, and 5]. Even after she resigned her employment by abandoning her job, her employer reached out to her to try and get her back to work.

With regard to the fifth factor, under Title VII, an employer's liability for such harassment may depend on the status of the harasser. If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions. In cases in which the harasser is a "supervisor," however, different rules apply. If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable. But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided. *Vance v. Ball State University*, 570 U.S. 421, 424 (2013).

Here, Wilson has offered no summary judgment evidence to prove at least three of these essential elements.

First, she has offered nothing to show that she was subjected to unwelcome harassment based on her sexual identity. Instead, her opposition is a recount of several occasions when underlying employees did not respect her authority and numerous occasions where she disagreed with how the company was being run.

Second, Wilson has offered nothing to show that the alleged harassment affected a term, condition, or privilege of her employment. Title VII protects employees from conduct that is "severe or pervasive enough" to "create a work environment that a reasonable person would find

9

hostile or abusive." *Lister v. Nat'l Oilwell Varco, L.P.*, No. CIV.A. H-11-01, 2013 WL 5515196, at *28 (S.D. Tex. Sept. 30, 2013). Wilson asserts that she was terminated for insubordination because of an altercation between herself and a store manager, Tamkia. Thus, there is no genuine issue of material fact that the terms of Wilson employment were not affected by the alleged harassment.

Finally, Wilson has not shown that her employer knew or should have known of any alleged harassment and failed to take prompt remedial action to address and correct the alleged harassing behavior. Here, Wilson never complained of illegal discrimination, only what she perceived as mean treatment and insubordination from her staff.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment [Doc. No. 17] is GRANTED. Wilson's claims are DISMISSED WITH PREJUDICE in their entirety.

MONROE, LOUISIANA, this 20th day of November, 2019.

 **TERRY A. DOUGHTY**
 **UNITED STATES DISTRICT JUDGE**